## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

OCT - 7 2025 12: 58 P

SOUTHERN DISTRICT COURT
DISTRICT
COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | INDICTMENT |
| JOHN FERRELL, | 21 U.S.C. § 841(a)(1) |
| aka "John-John," | 21 U.S.C. § 841(b)(1)(B) |
| aka "Johnny John," | 21 U.S.C. § 841(b)(1)(C) |
| aka "Flash," | 21 U.S.C. § 846 |
| TERRENCE WHITESIDE, and | 18 U.S.C. § 922(g)(1) |
| DE'MICHAEL BERRY, | 18 U.S.C. § 924(c) |
| Defendants. | FORFEITURE ALLEGATIONS |

**THE GRAND JURY CHARGES:**

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl and Cocaine)

Beginning in or about May 2025, and continuing to on or about August 6, 2025, in the Southern District of Ohio, the defendants, **JOHN FERRELL, TERRENCE WHITESIDE,** and **DE'MICHAEL BERRY,** did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other individuals, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(vi) and 841(b)(1)(C).**

1

### COUNT TWO
(Distribution of Fentanyl)

On or about June 5, 2025, in the Southern District of Ohio, the defendant, **JOHN FERRELL,** did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).**

### COUNT THREE
(Distribution of Fentanyl)

On or about June 20, 2025, in the Southern District of Ohio, the defendant, **JOHN FERRELL,** did knowingly and intentionally distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).**

### COUNT FOUR
(Distribution of Fentanyl)

On or about July 31, 2025, in the Southern District of Ohio, the defendant, **JOHN FERRELL,** did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).**

### COUNT FIVE
(Possession with Intent to Distribute Fentanyl and Cocaine)

On or about August 6, 2025, in the Southern District of Ohio, the defendants, **JOHN FERRELL, TERRENCE WHITESIDE,** and **DE'MICHAEL BERRY,** did knowingly and

2

intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi) and 841(b)(1)(C).**

### COUNT SIX
(Felon in Possession of a Firearm)

On or about August 6, 2025, in the Southern District of Ohio, the defendant, **JOHN FERRELL,** knowing at that time that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in or affecting interstate commerce, firearms, specifically, a Glock GMBH 23, 40 caliber pistol, serial number GKV790, a Romarm/Cugir Micro Draco, 762 caliber pistol, serial number PMD-23384-20ROA, and a Glock GMBH 19X, 9mm pistol, serial number CEEY762.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).**

### COUNT SEVEN
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about August 6, 2025, in the Southern District of Ohio, the defendant, **JOHN FERRELL,** knowingly possessed a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States—namely, knowingly and intentionally possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**In violation of 18 U.S.C. § 924(c)(1)(A).**

## FORFEITURE ALLEGATION ONE

Upon conviction of one or more of the offenses set forth in Counts One through Five of this Indictment, the defendants, **JOHN FERRELL, TERRENCE WHITESIDE,** and **DE'MICHAEL BERRY**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to:

a.    $4,792.00 in U.S. currency;

b.    A Romarm/Cugir Micro Draco 762 caliber pistol, SN: PMD-23384-20ROA, with any attachments and approximately 20 rounds of 762 caliber ammunition;

c.    A Glock GMBH 23, 40 caliber pistol, SN: GKV790, with any attachments and approximately 12 rounds of 40 caliber ammunition;

d.    A Glock GMBH 19X, 9mm pistol, SN: CEEY762, with any attachments and approximately 16 rounds of ammunition;

e.    Approximately 98 rounds of 22 caliber ammunition; and

f.    Approximately 2 rounds of 9mm ammunition and a Glock 43 magazine.

## FORFEITURE ALLEGATION TWO

Upon conviction of one or more of the offenses set forth in Counts One, Five, Six, and Seven of this Indictment, the defendant, **JOHN FERRELL**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, the firearms and ammunition listed in Forfeiture Allegation One.

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegations One and Two, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

**A TRUE BILL.**

*s/Foreperson*

_____

**FOREPERSON**

**DOMINICK S. GERACE II**
**United States Attorney**

_____

**NICOLE PAKIZ (0096242)**
**Assistant United States Attorney**

5